MARTHA GOURLEY AND OTHERS *v.* EDWIN J. WOODBURY AND OTHERS.

*Construction of Deed. Vested and Contingent Remainders.*

W. and his wife M. conveyed certain land to G. W. in trust for W. for life after the death of E., who had a dower right therein, in case W. should survive E., providing that after the death of W. the land should "be and become" the property of the children of W. and M. and their legal representatives in equal shares, and that if W. survived E. the trustee should on the death of E. convey the life estate to W., otherwise he should convey to said children and representatives. W. survived E., and had and enjoyed the land during his life, but the trustee never conveyed to him a life estate therein. *Held,* that W. took a life estate by the deed to G. W., so that the provision therein for a deed from G. W. to W. or a deed from G. W. to the children, &c., was surplusage; and that the remainder to the children, &c., was a vested and not a contingent remainder.

PETITION for a partition of certain land in Berlin. The petition alleged that on March 13, 1847, William Woodbury and Mary his wife conveyed the land of which partition was sought, —which was that part of the hill farm of Jonathan Ayers, de-

ceased, that was set off as dower to his widow, Elizabeth, and which descended to said Mary as the sole heir of said Jonathan, —to George Worthington to hold in trust for the use of said William for life, after the death of said Elizabeth, in case he should survive her, remainder in equal shares to the five children of said William and Mary and their legal representatives, or, in case said William should not so survive, to convey the same at Elizabeth's death to said children and representatives ; that in December, 1842, William S. Woodbury, who was one of said children, married the petitioner Martha, that on September 29, 1843, a son was born to them, that on April 13, 1845, said William S. died, leaving said son his sole heir, that on December 2, 1862, said son died, and that said Martha became thereby entitled to one fifth of said land ; that the petitioners Sarah J. Doten and Mary L. Aldrich were the children and heirs of Eliza Aldrich, deceased, who was another of said five children, and thereby entitled each to one tenth of said land; that Edwinah, the wife of Socrates Bailey, and Jonathan A. Woodbury, were two of said children, and entitled each to one fifth of said land ; that Marietta Moseley was one of said children and entitled to one fifth of said land, and that in January, 1875, she conveyed her interest to Edwin J. Woodbury. The petition also alleged that said Elizabeth died on April 17, 1862, the said Mary, on August 10, 1868, and said William, on December 2, 1875. *Prayer* for partition in accordance with facts alleged.

The petitionees Edwinah and Socrates Bailey answered, admitting conveyance of the land on March 13, 1847, but alleging that the deed was as therein set forth ; admitting that said William survived said Elizabeth, but alleging that neither said Worthington nor his heirs, &c., ever conveyed a life estate in said land to said William, although said William had and enjoyed such an estate ; admitting the marriage of said William S. to the petitioner Martha, the birth of a son, and the death of the son and his father and of said Elizabeth, Mary and William, as alleged, but alleged that said Martha was not the heir nor legal representaative of her husband, nor in any way entitled to one fifth of said land ; and admitting the allegations of the petition as to the inter-

est of the others of the children of said William and Mary and representatives, except that it alleged that they were entitled to fourth and eighth shares respectively, and that partition should be made accordingly. That answer was adopted by petitionee Edwin J. Woodbury.

The petitioner Martha demurred to the answer, and prayed judgment according to the petition.

Those parts of the premises and habendum of the deed set out in the answer that were material to the question involved were as follows :

Know all men . . . that we, William Woodbury and Mary Woodbury . . . in consideration of the purposes and trusts hereinafter mentioned and created, and . . . of the sum to us paid by George Worthington . . . have granted . . . and do hereby grant . . . unto the said George Worthington, his heirs and assigns and his successors, to the uses, interests and purposes hereinafter expressed, limited and declared, the following described pieces of land . . . to wit : the river farm on which the said William Woodbury now lives, with the buildings thereon standing, situated on the branch or river road leading from Montpelier to Berlin, and supposed to contain one hundred and ninety acres of land, and owned by Jonathan Ayers at the time of his decease. To have and to hold said premises with the appurtenances to the said Worthington and his successors as aforesaid for the use and benefit of the said Mary during her lifetime, and to pay debts of her contracting and for her support since she left the dwelling house of the said William, and, at the decease of the said Mary, the said lands and premises to be and become the property of the five children of the said William and Mary and their legal representatives, in equal shares. The said premises to be held by said trustee and his successors until the decease of the said Mary. The use or income of said premises only to be applied and disposed of for the payment of the debts aforesaid and the support of the said Mary as aforesaid. And upon the decease of the said Mary, the surplus income of said real estate, if any remains in his hands after deducting all his expenses and charges as trustee, to be disposed of and divided among their said children and their legal representatives in equal shares . . .

And we do hereby for the consideration aforesaid, grant . . . unto the said Worthington and his successors as aforesaid, their heirs and assigns, that part of the home or hill farm of Jonathan Ayers, late of Berlin, deceased, which was [set] off as dower to Elizabeth Ayers, widow of said Jonathan, and all our interest therein, for the use and benefit of the said William during his life after the decease of the said Elizabeth,

in case the said William survives her, and after the decease of the said William the same premises to be and become the property of the aforesaid children of the said William and Mary, and their legal representatives in equal shares, and in case the said William shall not survive the said Elizabeth, at the decease of the said Elizabeth the said Worthington and his successors, their heirs and assigns, to deed said premises to the aforesaid children of the said William and Mary and their legal representatives in equal shares.     And we hereby for the consideration aforesaid, further grant . . . unto the said Worthington and his successors, their heirs and assigns, the use and occupation of the estate in and to all the remaining part of the aforesaid hill farm of the late Jonathan Ayers not subject to the right of dower of the said Elizabeth, to have and to hold the same, to convey a life estate therein to the said William immediately on the execution of this instrument by the said William and Mary.     And we do hereby grant . . . to said Worthington and his successors the aforesaid hill farm, excepting said widow's dower which is above disposed of, for the purposes aforesaid, and at the decease of the said William the said remaining part of said hill farm is to be and become the property in fee of Maryette Woodbury and Edwina Woodbury and their heirs and legal representatives, and the same is hereby granted . . . to them, except a life estate to said William which said Worthington or his successor is bound to convey to him and his assigns immediately after the execution of this instrument.     And after the decease of the said Elizabeth, in case the said William survives her, it is made the duty of said Worthington and his successors, their heirs and assigns, to convey to said William and his assigns a life estate in that part of said hill farm set off to said Elizabeth as dower.     To have and to hold to the said Worthington and his successors, their heirs and assigns, the aforesaid hill farm for all the trusts and purposes aforesaid.

At the March Term, 1877, the court, REDFIELD, J., presiding, rendered judgment *pro forma* that the demurrer be sustained, that the answer was insufficient, and that partition be made according to the prayer of the petition; to which the petitionees excepted.

*Huse & Lord* and *C. H. Pitkin*, for the petitionees, argued that the remainder was contingent, that as the land was not conveyed to William by the trustee, as provided in the deed, there was nothing to support the remainder, so that the land reverted to the grantors, and that William S. was represented by his brother and sisters and the daughters of the deceased sister; and

cited 1 Hill Trustees, *242; Doe dem. *Booth* v. *Field*, 2 B. & Ad. 564; Doe dem. *Shelly* v. *Eldin*, 4 A. & E. 582; *Anderson* v. *Mather*, 44 N. Y. 249; *Bennett* v. *Garlock*, 17 N. Y. 328; *Collier* v. *Waters*, Law Rep. 17 Eq. 252; *Percival* v. *Percival*, Law Rep. 9 Eq. 386; 2 Washb. Real Prop. 222, 230, 233; *Price* v. *Hall*, Law Rep. 5 Eq. 399; *Gorham* v. *Daniels*, 23 Vt. 600, 611.

*G. M. Fisk*, for the petitioners, cited *Gourley* v. *Woodbury*, 42 Vt. 395; *Sherman* v. *Dodge's Estate*, 28 Vt. 26; *Grant* v. *Parham*, 15 Vt. 649; *Gorham* v. *Daniels*, 23 Vt. 600.

The opinion of the court was delivered by

BARRETT, J. It was designed by the deed in question to insure the title in " the hill farm " as effectually in the persons designated as the title in the " river farm." The deed conveyed both to Worthington in trust for the uses specified; and when those uses had been served, both farms were " to become the property of the children of said William and Mary and their legal representatives." There was no contingency involved that was to prevent such ultimate ownership of the property. In the case of " the river farm " it has been decided that the children and their personal representatives, and this plaintiff as one standing in that right, took a vested estate by that deed. 42 Vt. 395. The deed was held operative to the same intent and effect as if, without a trustee, it had conveyed a life estate to Mary, with remainder to the other persons designated. In the case of " the hill farm," there was an existing estate in dower in Elizabeth. The design of the deed was to give William a life estate in the reversion with remainder to the same persons as in case of " the river farm." To the effectuation of that design there was no more need for the interposition of a trustee than in the former case. A deed conveying directly to William the reversion of the existing dower for life, remainder to the other persons designated, would have given just the title and interest to the respective parties that it was designed to have result from the deed as it was drawn.

It is seen by examining the deed, that in reference to " the

river farm," the trustee had functions of administration to perform for the behoof of Mary, the *cestui* of the life interest. But they embraced only the *use*, with no authority to dispose of the property in any respect. So that after that use, the title, with every right of absolute ownership, was, by that deed, secured to the children and their legal representatives of said William and Mary. But in reference to " the hill farm "—the subject of the present proceeding—there was no function of administration in the trustee. The use, involving possession, subject to the existing right of dower, was to be in the said William during his life, and then the same children and their representatives were to have that property by the same title and right as they were to have " the river farm." It is to be noticed that in respect to " the river farm," the trustee was not required by the deed to execute any conveyance to the takers after the life use of Mary, in order to invest them with title. It is also to be noticed that that deed does not provide for any conveyance by the trustee to the ultimate takers of " the hill farm " in case said William should survive the dower holder, Elizabeth. He did so survive, so that upon the actual facts, within the provisions of the deed, " the hill farm " is subject to the same consideration, as to title as affected by that deed, as was " the river farm."

It seems inferable that an arrangement had been negotiated between William and Mary for having the exclusive use by each, during their respective lives, of the respective parcels, and after that, their children to have the property in common in absolute right, as by direct inheritance from their parents, and that, as to the parcel for the use of Mary, it was regarded needful that it should be held, and managed, and the proceeds applied for her support by somebody besides herself; and hence the life use was conveyed in trust to said Worthington; and as the transaction was an entire one, it was thought advisable to embrace and finish it up by a single instrument; and so the other parcel was conveyed by that deed to the same person in trust—merely as title holder, with no function as to the possession or use of it. Owing to the dower right of said Elizabeth, the draftsman of the deed seemed to have a vague notion, that, if William died before the

dower right had ceased, there would be need of a conveyance by the trustee to the children, not apprehending that their ownership of " the hill farm " had already been created by the same language as is used in creating their ownership of " the river farm " ; so that that provision for conveyance by the trustee was functionless surplusage. And the same remark is true as to the provision for a conveyance by the trustee to William, in case he should survive the dower right of Elizabeth, for his life interest had already been created by a prior part of the deed. It is to be remarked that this case does not involve the litigation of equitable as against legal rights—for all the parties stand upon the same ground of right, and whatever right any one has is common to all, and created by the same provisions in the same instrument, and the defendants assert title in themselves under said deed as being a legal title in their plea—and only deny that the plaintiff is the heir or legal representative of said William S. Woodbury —or, as the heir and representative of said Charles E., that she is entitled to any part of the property. As before said, upon the decision in 42 Vt., Charles E. was one of the persons meant by " the children of said William and Mary, and their legal representatives," and this plaintiff is his heir—and so is entitled in his right—and that is the equal and same right as the defendants claim to have—viz : the right created by said deed of trust to said Worthington.

Upon the views thus presented we do not feel it needful or expedient to follow the lead of counsel in exploring a region from which they profess to have returned without any appreciable fruit—feeling warranted in standing upon the principle and the views set forth by the court in the case in 42 Vt., and giving the deed the effect obviously designed by it ; being the effect that the defendants claim for it in their own behalf, and which, as we have seen, is of the same effect in behalf of the plaintiff.

Upon the facts shown by the record we think the demurrer to the plea was well taken ; and the judgment of the County Court is affirmed. Cause remanded for the carrying out of the order for partition.